# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 09-0069-1 (RMC) |
| | ) | |
| MONIQUE WARE, | ) | |
| | ) | **FILED** |
| Defendant. | ) | |
| | ) | APR - 7 2009 |

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM & ORDER

Monique Ware is charged with one count of conspiracy to distribute phencylclidine (PCP) and four counts of distribution of PCP. Before the Court is the government's oral motion for pretrial detention. The Court conducted a hearing on the matter on April 3, 2009. Upon consideration of the government's motion, and the arguments and proffer of evidence introduced at the hearing, the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community if the defendant were to be released pending trial. *See* 18 U.S.C. § 3142(e). Accordingly, the government's motion is GRANTED and the Court ORDERS that the defendant be detained without bond pending trial.

## I.   THE GOVERNMENT'S PROFFER

At the April 3, 2009 hearing, the government made the following factual proffer: From January 2006 to September 2008, the defendant, along with others both known and unknown to the grand jury, possessed with intent to distribute 1 kilogram or more of PCP. Specifically, the defendant would purchase large quantities of PCP and then subdivide it into smaller containers

for further distribution throughout the District of Columbia.  The government stated that one of the distribution centers was the defendant's home.  Through a confidential informant, the government arranged several purchases of PCP from the defendant and successfully made those purchases; the substances obtained were later analyzed by the DEA and confirmed to be PCP. The person who delivered the drugs to a confidential informant was a confederate of the defendant, and the transactions were captured with video and audio surveillance.

The government has also proffered that when the defendant learned that a warrant was outstanding for her arrest, she took evasive action by not showing up for her job and by moving from her home address.

## II.   DISCUSSION

The Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, dictates that a defendant may be detained pending trial where the government carries its burden of establishing "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* at § 3142(e), (f).  The government first must establish one of the predicates: (1) that, beyond a preponderance of the evidence, defendant poses a risk of flight, *United States v. Xulam*, 84 F.3d 441, 443 (D.C. Cir. 1996); or (2) that, by clear and convincing evidence, defendant has been shown to pose a risk to the safety of any person or the community.  18 U.S.C. § 3142(f); *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988).  The court must then determine that the same evidence leads to the conclusion that no condition or conditions of release will reasonably protect against the risk that has been found.  Among the factors a court should consider are "the nature and circumstances of the offense charged, including whether the offense is a crime of violence," whether the offense

2

involved a firearm, and several other factors.  18 U.S.C. § 3142(g)(1).  Courts also should

consider the weight of evidence against the defendant, the history and characteristics of the

defendant, and the nature and magnitude of the danger to the community or individual persons if

the defendant were to be released.  *Id.* at § 3142(g)(2)-(4).

### A.  Flight Risk

The Court finds that the government has shown by a preponderance of the evidence that

the defendant is a flight risk.  Although the defendant was a metrobus driver prior to her arrest,

she did not show up for work from the time that she learned of the outstanding warrant through

her attorney.  Moreover, after learning of the warrant, the defendant did not turn herself in, but

instead avoided her residence.

As a result of the defendant's failure to turn herself in despite learning of a bench warrant

and her failure to show up at her job and her home, the Court finds that the government has

shown by a preponderance of evidence that the defendant is a flight risk.  These events show that

the defendant will evade authorities despite her ties to the community.  They also outweigh the

defendant's generalized assertions that she did not turn herself in because of previous

commitments and because of her unavailability.

### B.  Danger to the Community

The government has also carried its burden of establishing, by clear and convincing

evidence, that Ware is a danger to the community.  The grand jury has already returned an

indictment, finding probable cause to believe that the defendant was involved in a conspiracy to

distribute PCP and that she did in fact distribute PCP.  A grand jury indictment must be taken

"fair upon its face" and provides probable cause to believe that the defendant actually committed

3

the acts constituting the offense. *United States v. Mosuro*, 648 F. Supp. 316, 318 (D.D.C. 1986).

Turning to the factors to be considered under § 3142(g), the Court begins with the nature and circumstances of the offense. The offense charged is the distribution of large amounts of PCP, a drug that is a serious danger to the community. Moreover, the weight of the government's evidence is strong. The government has audio recordings of conversations with the defendant regarding the purchase of drugs and has audio and video recordings of the actual exchange of drugs with one of the defendant's confederates. The serious nature of the offense and the strength of the evidence outweigh any argument in favor of release.

## III.   CONCLUSION AND ORDER

After consideration of the proffered evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court finds that pretrial detention of the defendant is appropriate in this case because defendant's release, under any conditions, would pose an unreasonable danger to the community and risk of flight. Accordingly, it is hereby

ORDERED that the government's motion for pretrial detention is GRANTED; it is further

ORDERED that the defendant continue to be detained without bond pending trial; it is further

ORDERED that the defendant shall be afforded reasonable opportunity for private consultation with counsel.

SO ORDERED.

_____        _____
Chief Judge Royce C. Lamberth                    Date

4